JOHN W. LANE and Another v. CHARLES EATON and Others.[1]

June 29, 1897.

| 69 | 141 |
| 81 | 10 |

Nos. 10,577, 10,578—(185, 186):

**Devise to Salvation Army—Incorporation—Perpetuities.**

The testator devised a certain part of his property (consisting mostly of real estate) to certain named trustees in trust to be disposed of for the use of the branch of the Salvation Army located in St. Paul, Minnesota, said proceeds "to be permanently invested in the purchase of a lot, and the erection thereon of a place of worship where said Salvation Army may hold its meetings," and, if said branch "should become legally organized so it may take and hold the title to property," the trustees were directed to transfer to it all the property, or the proceeds thereof. The Salvation Army is an unincorporated religious society having its headquarters in England, and, while its officers have military titles, their duties correspond to those of the bishops, elders, and pastors of other churches. Said St. Paul branch was then in existence.

*Held*, under the provisions of chapter 43, G. S. 1894, the beneficiary of the trust must be certain, or capable of being rendered certain, and no such unincorporated voluntary association, or branch thereof, whose membership is fluctuating and uncertain, can be such beneficiary. But *held*, under the provisions of title 4, c. 34, such branch may incorporate, and, if it does so within a reasonable time, the devise will, under the provisions of sections 3027 and 3048, vest in such corporation. *Held*, further, section 3040 has abrogated the rule against perpetuities and the rule which prohibits restraint of alienation, so far as such rules apply to such a meeting house. Whether or not the policy of the Salvation Army is such that it will permit the St. Paul branch to incorporate as a separate entity is not for the courts to determine.

**Same—Absolute Gift or in Trust.**

The will further provides: "The rest, residue and remainder * * * I give, devise, and bequeath to the Central Park Methodist Episcopal Church of St. Paul, Minnesota, absolutely, to be used by said church" "in aiding the cause of home and foreign missions equally." The church was incorporated, and was authorized by statute to acquire property by gift for mission purposes, and to accept any gift in trust for the purposes for which given. *Held*, the devise is an absolute gift to the church, and not a devise in trust, and is valid.

Action in the district court for Ramsey county by the executors

[1] Reported in 71 N. W. 1031.

of the will of George Eaton, deceased, for the construction of his will.   Both parties appealed from the orders of the court, Otis, J., denying their respective motions for a new trial.   Order denying plaintiffs' motion reversed.   Order denying defendants' motion affirmed.

*H. J. & A. E. Horn,* for plaintiffs.

*W. B. McIntyre,* for defendant Salvation Army.

*George E. Budd,* for defendant Central Park M. E. Church.

*F. G. B. Woodruff* and *Ambrose Tighe,* for the heirs of George Eaton.

CANTY, J.

This action was brought by the executors for the construction of the will of George Eaton, deceased.

1.   The will contains the following provision:

"I give, devise, and bequeath one other equal share or third part, to be first selected and set apart by my executors or the survivor of them, to John W. Lane and John C. Quinby, or the survivor of them, in trust, to keep the same carefully invested, and to receive the rents, profits, and income thereof, and to pay and apply the same, together with the principal sum, or third part, to and for the use of the branch of the Salvation Army, so called, located in the said city of St. Paul; said principal and interest accruing thereon to be permanently invested in the purchase of a lot and the erection thereon of a place of worship where said Salvation Army may hold its meetings; said share or third part and the interest thereon never to be used or invested outside of said city, but is given solely for the purpose heretofore mentioned.   If said branch of the Salvation Army in said city is or should become legally organized so it may take and hold the title to property, then I direct the said trustees, or the survivor of them, to transfer said third part or share, and all the rents, income, and profit of the same, together with any other property which may come to them under any of the provisions of this will, to said organization as soon after the settlement of my estate as practicable."

On the trial it appeared from the evidence that the Salvation Army is an unincorporated religious society having its headquarters in London, England.   The officers of the organization have military titles.   The head officer in England is called "general"; the subordinate officer who is head of the organization in the United States is called "commander"; a "major" has charge of a division of the country, and a "captain" has charge of a local post or "barracks." While these officers have military titles, they perform duties similar

to those of the officers in other religious denominations. Thus a commander corresponds to a bishop, a major to a presiding elder, and a captain to a minister or pastor. The barracks is the church. The property of the society in a country is held in the name of the commander in that country, and he is appointed by the general in England. The government of the society seems to be very much centralized, but not more so, perhaps, than in the case of some other religious societies or sects.

The court below held this devise void. Nearly all of the testator's property consisted of land, and as, by the terms of the will, the part of this land so devised was to be sold, and the proceeds reinvested in other land, the bequest, notwithstanding this double conversion, continued to be real estate. 3 Pomeroy, Eq. Jur. § 1178. Then the bequest is void, unless valid as a bequest of real estate.

Section 4274, c. 43, G. S. 1894, provides that uses and trusts are abolished, except as authorized by that chapter. It is well settled in the states from which we derived this statute that it has abolished the great body of the English law of charitable uses and trusts and the doctrine of cy-prés as administered in England. See 2 Pomeroy, Eq. Jur. §§ 1018–1029. Under this statute the beneficiary of the trust must be certain, or capable of being rendered certain. Therefore no unincorporated, voluntary association, whose membership is fluctuating and uncertain, can be the cestui que trust. Downing v. Marshall, 23 N. Y. 366; Methodist Church v. Clark, 41 Mich. 730, 3 N. W. 207; Ruth v. Oberbrunner, 40 Wis. 238. See, also, 2 Pomeroy, Eq. Jur. § 1029, and cases cited in Holland v. Alcock, 108 N. Y. 312, 16 N. E. 305. See, also, German v. Scholler, 10 Minn. 260 (331).

But there is another statute which is in pari materia with chapter 43, and which must be construed with it in disposing of the question here presented. Title 4, c. 34, G. S. 1894, provides for organizing unincorporated churches into corporations. Section 3022 of this title provides:

"It shall be lawful for all persons of full age, belonging to any church, congregation or religious society not already incorporated, to assemble at the church or meeting-house, or other place where they statedly attend for divine worship, and, by a plurality vote,

elect any number of discreet persons of their church, congregation or society, not less than three nor more than nine in number, as trustees to take charge of the estate and property belonging thereto, and transact all affairs relative to the temporalities thereof."

The next four sections provide the manner of giving notice of the time and place of election, the manner of conducting the election, and the manner of executing and recording the certificate of election, which, when executed and recorded, shall incorporate the congregation or society. Section 3027 then provides:

"Such trustees may have a common seal, and alter the same at pleasure; they may take into their possession and custody all the temporalities of such church, congregation or society, whether the same consists of real or personal estate, and have been given, granted or devised directly or indirectly to such church, congregation or society, or to any other person for their use."

Section 3048 further provides:

"Whenever any church or religious society now organized, or which may hereafter be organized, as a church or congregation, but not incorporated in pursuance of law, shall comply with the provisions of this title, and thereby become a body corporate, all the estate, real and personal, which has been lawfully conveyed to the said church or religious society, or to the trustees or vestry thereof in trust for the use of such church or society, whether by devise, gift, grant, purchase or otherwise, and not lawfully disposed of, shall thereupon vest in said corporation as fully and amply as if the said church had been legally incorporated from the date of its religious organization; provided, that the name or title publicly assumed or borne by such church or society from the date of its organization as such, and none other, shall be the title by which it shall forever be known in law and as a body politic and corporate."

If the St. Paul branch of the Salvation Army sees fit to and does incorporate within a reasonable time, why will these sections not apply so as to vest the devise aforesaid in the corporation? We see no reason why. It was so held under a statute similar in its provisions to section 3027 aforesaid. See Reformed Church v. Veeder, 4 Wend. 494, and Methodist Church v. Clark, supra.

We are of the opinion that the devise is void only on condition that the said branch of the Salvation Army fails to incorporate within a reasonable time, which, however, will not extend beyond the time of the hearing of the application for the decree of distribu-

tion. It therefore follows that the court below erred in declaring the devise absolutely void.

In arriving at this result, we have not overlooked section 3040, which reads as follows:

"All lands, tenements and hereditaments, lawfully conveyed by devise, grant, purchase or otherwise, to any persons as trustees, in trust for the use of any religious society organized, or which may hereafter be organized within this state, either for a meeting-house, burying-ground, or for the residence of a preacher, shall descend with the improvements in perpetual succession to, and shall be held by, such trustees in trust for such society."

We agree with the learned judge of the court below that the trustees here referred to are the trustees of the church itself, and not other persons selected by the testator as trustees of the property devised or bequeathed by him. We are also of the opinion that one of the purposes of this section was to abrogate the rule against perpetuities and the rule which prohibits restraint of alienation, so far as these rules might apply to property conveyed, devised, or bequeathed for any of the three purposes therein specified, to wit, "for a meeting-house, burying-ground, or for the residence of a preacher," and that when so vested in the corporation for any of these purposes the property may be held in "perpetual succession." This obviates the ground on which the grant was held void in Methodist Church v. Clark, supra, and is a sufficient answer to the claim of the defendant heirs that the devise is void because it contravenes the rule against perpetuities.

Neither is the result at which we have arrived in conflict with Little v. Willford, 31 Minn. 173, 17 N. W. 282. In that case the conveyance was to certain named persons, "trustees of M. E. Church of the County of Olmsted and State of Minnesota, * * * in trust that said premises shall be kept, maintained, and disposed of as a place of divine worship for the use of the ministry and membership of the Methodist Episcopal Church in the United States of America." The conveyance was not to or for the benefit of any particular congregation or religious society, or any local subdivision of any religious society which could incorporate under the laws of this state, but was in trust for the use of the whole membership of a certain denomination in the United States. Whether or not the policy of

the Salvation Army is such that it will permit the St. Paul branch to incorporate as a separate entity, and thereby receive this bequest, is a matter which neither the court nor any one else but the Salvation Army itself can determine.    Under the statute the opportunity must be given to it to do so if it sees fit.

2. After making various other bequests, the will provides:

"All the rest, residue, and remainder    *    *    *    I give, devise, and bequeath to the Central Park Methodist Episcopal Church of St. Paul, Minnesota, absolutely, to be used by said church or its trustees in aiding the cause of home and foreign missions, equally."

The church is duly incorporated.    The court below held this devise valid.    If this devise is an absolute gift to the church it is valid, but if it is a devise in trust it is not valid, as there is no ascertained beneficiary.    We are of the opinion that it is an absolute gift to the church.    Sections 2, 3, c. 373, Sp. Laws 1887, provide, as to this church, as follows:

"Sec. 2.    That the trustees of the society as aforesaid, in addition to the authority and power already granted by the rules and regulations of said church and the statutes, are hereby further authorized to acquire, by gift or purchase, any real property in the city of Saint Paul, necessary for mission purposes, and to sell the same when in their opinion it is for the best interest of said church.

"Sec. 3.    That the said trustees aforesaid are further authorized to accept any gift, conveyance of real [estate] or other property, and to hold the same in trust for the purposes for which given, and to sell or convey the same from time to time, and to invest and dispose of the proceeds in accordance with the power and authority of the gift or trust."

A part of the general purposes for which this church is organized is missionary work, and funds given to it to be used in that work are not given in trust in the technical sense of that word.    Thus, in Atwater v. Russell, 49 Minn, 57, 82, 51 N. W. 629, and 52 N. W. 26, lands were conveyed with directions that the proceeds be used by a certain incorporated hospital "for the support of charity patients in the same."    This kind of charity work was a part of the purposes for which the hospital was incorporated, and the gift was held to be absolute, and not in trust.    See, also, Bird v. Merklee, 144 N. Y. 544, 39 N. E. 645; Domestic v. Gaither, 62 Fed. 422.

This disposes of the case.

The order denying defendants' motion for a new trial is affirmed, the order denying plaintiffs' motion for a new trial is reversed, and the case is remanded to the court below, with directions to change its conclusions of law and order for judgment so that the same shall be in conformity with this opinion.

BUCK, J.

I dissent from that part of the foregoing opinion which holds that a branch of the Salvation Army might hereafter incorporate within a reasonable time, and that, if it did so, the attempted devise would vest in such corporation. A devise surrounded with such uncertainty and complexity ought not to be permitted to stand. What is a reasonable time will doubtless be another matter of litigation, and the decision rather encourages than ends litigation. That which was already uncertain is thus made more so,—a rule which should find no place in the construction of wills.