FREDERICK H. KAHLE and Others v. EVANGELICAL LUTHERAN JOINT SYNOD.[1]

July 24, 1900.

Nos. 12,166—(249).

**Trust Deed—Future Incorporation—Identity of Beneficiary.**

A deed of premises to certain grantees contained the following provision: "Provided, however, that whereas, it is the intention to build and maintain an orphan asylum and home for the aged; and whereas, the General Evangelical Lutheran Synod of Wisconsin, Minnesota, Michi-

[1] Reported in 83 N. W. 460.

gan, and Other States, has not been fully incorporated as yet, it is understood and agreed that the title to the above property shall vest in the proper officers of said synod as soon as said synod is incorporated so as to hold title to property, and that as soon as said synod is so incorporated the above-named second parties are to deed said property to said synod, or, if sooner sold, to pay the purchase price thereof to said synod, and, in case of a failure so to do, then this deed to become null and void." The association became incorporated, the grantees conveyed the premises to it, and it took possession. This provision considered in connection with other allegations in the answer, and *held* not void for uncertainty, and because the beneficiary was a mere voluntary association.

## Answer.

The answer states a cause of action.

Appeal by plaintiffs from an order of the district court for Scott county, Cadwell, J., overruling a demurrer to part of the answer of defendant corporation, Evangelical Lutheran Joint Synod of Wisconsin, Minnesota, Michigan, and Other States. Affirmed.

*F. C. Irwin* and *H. J. Peck*, for appellants.

*W. C. Odell* and *Chas. G. Hinds*, for respondent.

LEWIS, J.

Plaintiffs, as the heirs at law of Sophia Boessling, brought this action in ejectment to recover possession of certain real estate. The answer alleges that Sophia Boessling in her lifetime executed a deed in trust to certain persons, upon certain conditions, for the benefit of defendant when it should be incorporated, and that the property had been conveyed to defendant under the trust. A demurrer to the answer was overruled, and plaintiffs appeal.

The assignments of error call for a construction of the following clause of the deed, taken in consideration with other allegations of the answer.

"This indenture, made this 9th day of October, in the year of our Lord one thousand eight hundred and ninety-seven, between Sophia Boessling, widow, party of the first part, and E. Moebus, August Latzke, Ferdinand Kruske, F. G. Sielaff, Gotlieb Albrecht, Henry Liefert, Sr., and C. Gausewitz, parties of the second part, witnesseth, that the said party of the first part, for and in consideration of the sum of one dollar to her in hand paid by the parties of the second part, the receipt whereof is hereby acknowledged, and the condi-

tions herein, has granted, bargained, sold, released, conveyed, and confirmed, and by these presents does grant, bargain, sell, release, convey, and confirm, unto the said parties of the second part, their heirs and assigns, forever, all those tracts or parcels of land situated, lying and being in the county of Scott, in the state of Minnesota, known and described as follows, to wit: Lots Nos. one (1) and two (2) in block No. one hundred and one (101) in Belle Plaine, according to the recorded plat thereof in the office of the register of deeds of Scott county, Minnesota: provided, however, that, whereas, it is the intention to build and maintain an orphan asylum and home for the aged; and whereas, the General Evangelical Lutheran Synod of Wisconsin, Minnesota, Michigan, and Other States has not been fully incorporated as yet, it is understood and agreed that the title to the above property shall vest in the proper officers of said synod as soon as said synod is incorporated so as to hold title to property, and that as soon as said synod is so incorporated the above-named second parties are to deed said property to said synod, or, if sooner sold, to pay the purchase price thereof to said synod, and, in case of a failure so to do, then this deed to become null and void."

The answer states that Sophia Boessling was in her lifetime a communicant of the Evangelical Lutheran Church located at Belle Plaine, Minnesota; that she was a childless widow, aged and infirm, and was desirous of contributing a portion of her estate, including the premises mentioned, for the establishment and maintenance of a home or asylum for aged people and orphan children, to be under the control and management of, and to be supported by, the General Evangelical Lutheran Synod of Wisconsin, Minnesota, Michigan, and Other States, and for that purpose executed the deed in question. It is further alleged that after the execution and delivery of the deed, and long before the commencement of this action, defendant, then unincorporated, entered into possession of the premises, and erected thereon, with the knowledge and consent of the grantor, a large and substantial home for aged women and orphan children; that defendant was duly incorporated under the laws of Wisconsin August 10, 1899, under the name of General Evangelical Lutheran Synod of Wisconsin, Minnesota, Michigan, and Other States; that the grantees mentioned, in the performance of their trust, duly conveyed the premises to defendant corporation on October 10, 1899, and that defendant has ever since been in possession. There are other allegations in the answer as to the conveyance of other prop-

erty also for the same purpose, and that the grantor had been provided for in the home so constructed, but they are not material here.

Plaintiffs attack the deed and transfer of the property upon several grounds, none of which are tenable, and they may be briefly disposed of.

It is claimed that the statute of uses and trusts having been abolished by G. S. 1894, §§ 4274, 4278, the deed was void, because no title vested in the trustees, there being no designated beneficiary. This question was disposed of in Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031. In that case the court sustained a devise to trustees for the benefit of the St. Paul branch of the Salvation Army, the same to take the title if incorporated. Although no time was limited within which the incorporation should be made, it was held that, if accomplished within a reasonable time, the title could vest in it, and the devise would not be void for uncertainty as to the beneficiary. Here the devise contemplates the incorporation of the society, and directs that the title be conveyed to it by the trustees when the incorporation is effected; and it was effected within a reasonable time, and the conveyance made. The statements in the deed as to the beneficiary are more certain and definite than in the case cited. The defendant was incorporated under the exact name by which it was known as a voluntary association, and it is not important whether or not the words "and other states" contemplated that the society should extend its jurisdiction into other states. The identity of the corporation with the association mentioned in the deed is beyond question. Neither is the provision as to sale uncertain and indefinite. The direction was to pay over to the synod the proceeds of the property if it should be sold before the time came to deed it to the corporation. We find nothing equivocal about that. It was not sold, but was deeded.

Appellants refer to the direction in the deed "that the title  *  *  * shall vest in the proper officers of said synod as soon as said synod is incorporated," and claim that because the deed from the trustees ran to the defendant as a corporation, instead of to the officers, there never was a proper transfer. This is technical, and avails appellants nothing. The legal title should be held by the proper party, and, according to the answer, it is the corporation. Besides, the

provision in the deed also states "that as soon as said synod is incorporated the above-named second parties are to deed said property to said synod."

Order affirmed.