WILLIAM SHANAHAN and Another v. JAMES C. KELLY and Others.[1]

January 9, 1903.

Nos. 13,197—(128).

**Will.**

A testator by his will bequeathed $500 for masses, to be distributed by his executor; $1,000 to the bishop of Little Rock (naming him), or to his successors, for the education of priests for his diocese; and the residue of his estate to the bishop of Winona (naming him), or to his successors, for the education of priests for his diocese. *Held*:

**Gift in Trust.**

1. That the bequests were not direct and absolute gifts to the several legatees, but gifts in trust for the purposes named in the will.

**Statute of Uses and Trusts.**

2. That all express trusts, including charitable trusts, in both real and personal property, are abolished by our statute relating to uses and trusts, except as therein authorized, and that under the statute the beneficiary of a trust must be certain, or capable of being rendered certain, or the trust is void.

[1] Reported in 92 N. W. 948.

**Invalid Trust.**

    3. All of the trusts attempted to be created by the will here in question are forbidden by the statute, and the bequests are void.

In the matter of the estate of Philip Shanahan, deceased, a final decree of distribution was entered in the probate court for Houston county assigning the residue of the estate to the beneficiaries named in the will. From this decree William Shanahan and Bridget Walsh, as heirs at law of the deceased, appealed to the district court for said county, on the ground that the will was void for uncertainty. The case was tried before Buckham, J., sitting for the judge of the Tenth judicial district, who found that the second, third and fourth provisions of the will were void, that the beneficaries named in the will were not entitled to recover thereunder, and that appellants were the sole heirs at law of deceased and entitled to the residue of the estate, share and share alike. From an order denying a motion for a new trial, defendants appealed to the supreme court. Affirmed.

*W. H. Harries* and *James O'Brien*, for appellants.

First. The gifts to the bishops, if in trust, are for a charitable purpose, and are valid at common law. Vidal v. Girard's Exrs., 2 How. 127; Williams v. Williams, 8 N. Y. 525; Dodge v. Williams, 46 Wis. 70; Harrington v. Pier, 105 Wis. 485. Baker v. Terrell, 8 Minn. 165 (195) decided in 1862, held, that "there can be but little doubt that the chapter of our statutes concerning uses and trusts (Comp. St. c. 32) relates to real property only." The fifth subdivision of section 11 was then in force. And still there is not a word in it favoring such a conclusion, unless its meaning be controlled by the second clause of chapter 43, § 1, of the statute in question. If trusts for charitable purposes are within the purview of the statute on uses and trusts, bequests of personal property for charitable purposes are authorized by the statute. The bequests to the two bishops in this will consist exclusively of personal property. Hence the restrictions in the last clause of section 1, c. 43, confined to real estate, have no application. Baker v. Terrell, supra; Dodge v. Williams, supra; Penny v. Croul, 76 Mich. 471; Holmes v. Mead, 52 N. Y. 332; Holland v. Alcock,

108 N. Y. 312. Charitable trusts, and charitable trusts only, have always been held exempt from the operation of the rule against perpetuities, in all cases, except where the express statutory provisions changed the rule. Estate of Hinckley, 58 Cal. 457; Pendleton v. Kinney, 65 Conn. 222; City v. Davis, 103 Ind. 449. It is a rule of equity that a gift of property, inter vivos, or by will, to promote education, is a charity, and that such gifts shall receive a most liberal construction. Hadley v. Hopkins, 14 Pick. 240; Maynard v. Woodard, 36 Mich. 423. The trend of recent judicial decisions has been notably in favor of testamentary gifts for charitable purposes. Pennoyer v. Wadhams, 20 Ore. 274; Darcy v. Kelley, 153 Mass. 433; People v. Cogswell, 113 Cal. 129; Miller v. Teachout, 24 Oh. St. 525; Phillips v. Harrow, 93 Iowa, 92; Russell v. Allen, 107 U. S. 163.

Second. The bequests to the bishops are not in trust, but are direct gifts to them in their official capacity, and as such are valid. In re Gardner, 140 N. Y. 123; Clarke v. Leupp, 88 N. Y. 228; Byrnes v. Stillwell, 103 N. Y. 453, 460; Pruden v. Pruden, 14 Oh. St. 251; Bird v. Merklee, 144 N. Y. 544; Domestic & F. M. Soc. v. Gaither, 62 Fed. 422; Dascomb v. Marston, 80 Me. 223; Tyssen, Charitable Bequests, c. 22, et seq. Assuming, as we do, that the presiding officers of a religious organization are authorized to receive gifts for the advancement of that organization to the same extent as private corporations, created for special purposes, we submit that the present case is controlled and determined in favor of our contention by the doctrine declared in the following cases: Matter of Griffin, 167 N. Y. 71, 78, et seq.; Lane v. Eaton, 69 Minn. 141; Wetmore v. Parker, 52 N. Y. 450; Bird v. Merklee, supra.

Third. The second item in the will, to-wit, the bequest of five hundred dollars to the executor, for masses, was a direct gift for religious and charitable purposes, and is valid. Outside of New York, Maryland and a few other states, such bequests, even when made for the benefit of departed souls, have been upheld. Moran v. Moran, 104 Iowa, 216; Harrison v. Brophy, 59 Kan. 1; Ex parte Schouler, 134 Mass. 426. The rule that there must be a definite beneficiary or cestui que trust, ascertained or ascertainable, under

the provisions of the trust, capable of coming into court and compelling the execution of the trust in his favor, is applicable only to personal or private, and not to religious or charitable trusts. Owens v. Missionary, 14 N. Y. 380; Beekman v. Bonsor, 23 N. Y. 298; Holmes v. Mead, 52 N. Y. 332; Goddard v. Pomeroy, 36 Barb. 546; Lowers v. Cyrenius, 39 Oh. St. 426. The trust is not void for uncertainty or indefiniteness. Power v. Cassidy, 79 N. Y. 602. The statute of uses and trusts furnishes no standard by which to test the sufficiency of a public trust as it refers solely to private trusts. Harrington v. Pier, 105 Wis. 485.

*Duxbury & Duxbury*, for respondents.

This case is one in which the cardinal rule of construction of wills is sufficient. The intention of the testator that the property is not for the benefit of the party to whom it is bequeathed is plainly evident from the words used. They are words of command and direction. Page, Wills, §§ 611, 612, and cases; Schouler, Wills, § 597, Bispham, Eq. §§ 71, 72, 73; Jarman, Wills, 383; Perry, Trusts, § 112; Moggridge v. Thackwell, 7 Ves. 86; Morice v. Bishop, 10 Ves. 537; Cummings v. Corey, 58 Mich. 494; McHugh v. McCole, 97 Wis. 166. It is not the province of judges to project schemes of charity, for insertion in dead men's wills, by way of supplement to partial declarations of trust, void on their face for uncertainty. Bascom v. Albertson, 34 N. Y. 584. The clauses of the will under consideration are therefore void, because the scheme of the charity is not sufficiently indicated, nor a method provided whereby it may be ascertained, nor its object made sufficiently certain, to enable the court to enforce the execution of the trust according to such scheme, and for such object. It is not of such a tangible nature that the court can deal with it. 2 Redfield, Wills, 409, 505; Fontain v. Ravenel, 17 How. 369, concurring opinion of Taney, C. J.; Williams v. Williams, 8 N. Y. 525; Beekman v. Bonsor, 23 N. Y. 298; Bascom v. Albertson, supra; Page, Wills, § 655. In the following cases the court, without dissent, has held the trust in controversy not sufficiently definite: Heiss v. Murphey, 40 Wis. 276; Estate of Hoffen, 70 Wis. 522; Will of Fuller, 75 Wis. 431; McHugh v. McCole, supra. In the following cases they have held the particular trust to be sufficiently definite, but in all but two

of them were dissenting opinions. Dodge v. Williams, 46 Wis. 70; Webster v. Morris, 66 Wis. 366; Sawtelle v. Witham, 94 Wis. 412; Harrington v. Pier, 105 Wis. 485; Hood v. Dorer, 107 Wis. 149.

It has been the accepted view that the statute abolished such trusts absolutely, without regard to whether they referred to real or personal property, and the decided cases make no attempt to limit the application of the statute to real property or to imply that it does not apply as fully to personal property trusts as to real estate trusts. Lane v. Eaton, 69 Minn. 141; German Land Assn. v. Scholler, 10 Minn. 260 (331); Atwater v. Russell, 49 Minn. 57; Society v. Moll, 51 Minn. 277; Little v. Willford, 31 Minn. 173. The decision of the courts of other states having similar statutes supports the view that such legislation abolishes so-called charitable trusts. Holland v. Alcock, 108 N. Y. 312, and cases; Levy v. Levy, 33 N. Y. 97; Bascom v. Albertson, supra; Trustees v. Clark, 41 Mich. 730; Wheelock v. American, 109 Mich. 141; Shafter v. Huntington, 53 Mich. 310; Hathaway v. Village, 48 Mich. 251.

START, C. J.

On March 14, 1900, Philip Shanahan, a Roman Catholic priest for some forty years, died in the county of Houston, of which county he was a resident, leaving as his sole heirs at law William Shanahan, a brother, and Bridget Walsh, a daughter of a deceased brother. He left a last will and testament, whereby he attempted to dispose of all of his property as follows:

"Second. After the payment of such funeral expenses and debts, I give, devise, and bequeath the sum of five hundred dollars for masses, the said sum to be distributed by my executor hereinafter named according to his judgment.

"Third. I give, devise, and bequeath to Rt. Rev. Edward Fitzgerald, bishop of Little Rock, Arkansas, or to his successor, the sum of one thousand dollars, for the education of Catholic priests for the said diocese of Little Rock.

"Fourth. I give, devise, and bequeath to Rt. Rev. Joseph B. Cotter, bishop of Winona, Minn., or to his successor, for the education of priests for the diocese of Winona, Minn., all the remainder, rest, and residue of my estate, both real and personal."

The executor named in the will was James C. Kelly, one of the appellants herein.

The will was duly admitted to probate in the probate court of the county of Houston, and such proceedings were had therein that on January 6, 1902, the court duly made its decree of distribution, assigning the residue of the estate, which consisted of personal property, to the persons and in the proportions following:

"To James C. Kelly, as executor of said estate, the sum of $500, to be used as mentioned in said will. To Rt. Rev. Edward Fitzgerald, bishop of Little Rock, Arkansas, the sum of $1,000, for the education of Catholic priests for the said diocese of Little Rock, as set forth in the will. To Rt. Rev. Joseph B. Cotter, bishop of Winona, Minn., all the rest, remainder, and residue of said estate, amounting to $12,911.70, and all the books and clothes in the inventory, for the education of priests in the diocese of Winona, as set forth in said will. To have and to hold the same forever."

The heirs at law appealed from this decree to the district court of the county of Houston. That court, upon a trial of the cause, found substantially the foregoing facts, and, as a conclusion of law therefrom, that the second, third, and fourth paragraphs of the will were void, and that the heirs at law were entitled to the whole of the residue of the estate, and directed judgment accordingly. The executor and legatees appealed from an order denying their motion for a new trial.

This will was before us in the case of Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944, but was not construed. The question to be determined on this appeal is this:

Are the several bequests made by this will valid by the laws of this state?

The main purpose of the testator, as disclosed by the evidence and the will itself, is manifest. It was to assist in the education of priests for his church. This intention of the testator, clearly and deliberately expressed, ought to be given effect by the courts of the state, if it can be done consistently with the laws thereof. The general question for our decision involves a consideration of two minor ones:

First. Are the bequests to the bishops for the education of priests for their respective dioceses gifts to them direct and absolute, or in trust?

Second. If in trust, are the trusts forbidden by our statute?

1. It is the contention of the appellants that the bequests were gifts to the bishops, direct and absolute,—not to them personally, but officially, to be used by them, respectively, in their discretion, for the purpose named in the will; that the use to be made of the gifts indicated in the will is merely the motive which induced the testator to make them, hence no trust was created by the will. It appeared from the evidence that it is the duty of the bishop to provide priests for the several churches of his diocese, and to pay the expenses of their education, unless otherwise provided for by their relatives or friends, and that this duty was known to the testator. The conclusion which counsel for appellants claim to logically follow from such fact and the provisions of the will is this: "When it is in fact, and is known to the testator to be, the duty of the bishop to educate and pay for the education of men for the priesthood in his diocese, and such testator bequeaths to the bishop and to his successor a sum of money to be used in paying for such education, without any restriction or limitations, and without directing the manner in which, or the time when, such bequests shall be used, leaving the disposition of the fund to the discretion of the bishop, no trust is created; and the designation in the will of the purpose for which the bequest shall be used is only evidence of the motive that inspired the bequest, and of the confidence of the testator that the legatee will use it for the purpose stated, instead of for other official purposes to which it might be applied, had such motive not been expressed." If the bequests in this case had been made to a corporation organized for the purpose for which the gifts were made,—the education of young men for the priesthood,—this conclusion would be correct, and the corporation would take the bequests absolutely, as the beneficiary, and not in trust. The authorities cited by the appellants in support of their contention are to this effect.

But it by no means follows, as counsel claim, that because a corporation would take such bequests as a beneficiary, and not as a trustee, an individual legatee would so take the gifts. It sounds plausible to say that a natural person has the same right to take bequests to aid him in the transaction of his legitimate business

that a corporation has. The difference, however, between an individual and corporation, in the supposed case, is manifest. The corporation would be expressly organized and authorized by law to do the work for which the bequests were made, and, should it abuse its franchise, it could be dissolved. Not so in the case of an individual. The distinction is clearly illustrated by the case of Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031. The court held in that case that a devise to two individuals (naming them), or the survivor of them, in trust for the use of the Salvation Army at St. Paul, was a gift in trust, and void, because the beneficiaries were uncertain; but it was held that a devise to an incorporated church, which was authorized to acquire property by gift' for mission purposes, to aid the cause of home and foreign missions equally, was a direct gift to the church, and not in trust, and for that reason alone valid.

Now, the legatees in this case, the bishops, do not occupy any civil official position, nor is either a corporation, sole or otherwise; hence, in determining the legal effect of the will, they must be regarded as private individuals. The same test must be applied to this will, for the purpose of determining whether the bequests are gifts absolute to the legatees, or in trust, as if their ecclesiastical titles were omitted therefrom. This test is whether the will shows upon its face that the education of priests was simply the motive for making the bequests, or whether the gifts were to be used for that purpose at all events, leaving the legatees no discretion whether they should be so used or not. If the latter is the case, then the bequests are in trust for such purpose. Page, Wills, §§ 611–613; Schouler, Wills, § 597; Jarman, Wills, § 383. If the will be read with this test in mind, it cannot be reasonably construed otherwise than as creating a trust. It is clear from the language used by the testator that he intended that the bequests should be used at all events for the purpose named in the will. The words used are, in effect, an express direction that the gifts should be so used, and that the trust so created should be administered by the person holding the office of bishop for the respective dioceses. That the bequest made by the second paragraph of the

88 M.—14

will was not a direct gift to the executor, but was given in trust, is too obvious to justify any discussion of the question. We therefore hold that all of the bequests in this will are gifts to the respective legatees in trust, and not to them direct.

2. Are the trusts so created valid? The contention of counsel for the appellants is to the effect that the bequests to the bishops, if in trust, are for a charitable use, and that such trusts are not prohibited by the statutes of this state, and therefore the gifts are valid. It may be conceded that the bequests were for a charitable use. The answer to the question depends upon whether all express uses and trusts, including charitable ones, in personal property, are prohibited by G. S. 1866, c. 43, § 1 (G. S. 1894, § 4274), except those therein enumerated.

That all trusts, including charitable trusts in real estate, except as authorized by chapter 43, are abolished, and that the beneficiary of any authorized trust must be certain, or capable of being rendered certain, or the trust is void, is the settled law of this state. German Land Assn. v. Scholler, 10 Minn. 260 (331); Little v. Willford, 31 Minn. 173, 17 N. W. 282; Atwater v. Russell, 49 Minn. 57, 51 N. W. 629, 52 N. W. 26; Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031.

Whether this statutory rule applies to trusts in personal property has not been directly decided. Prior to the enactment of Laws 1875, c. 53, it seems to have been the understanding of the bench and bar of the state that it did not. Baker v. Terrell, 8 Minn. 165 (195). But since that time it has been assumed in the cases cited, in support of the rule, that all trusts in both real and personal property were abolished, except as authorized by the statute. It is true that in those cases the subject of trusts in real property was alone under consideration. Chapter 53, Laws 1875, was an amendment to G. S. 1866, c. 43, § 11 (G. S. 1894, § 4284), and added thereto a fifth subdivision, in these words:

"To receive and take charge of any money, stocks, bonds, or valuable chattels of any kind, and to invest and loan the same for the benefit of the beneficiaries of such express trust; and the district courts of the state shall, on petition and hearing, have power to appoint a trustee for the purpose herein set forth, requir-

ing such trustee to give such bond for the faithful execution of such express trust as to the court may seem right and proper; and express trusts, created under the provisions of this clause, shall be administered under the direction of the court."

By Laws 1893, c. 84, amended by Laws 1901, c. 95, there was added a sixth subdivision to the section, providing that the municipalities of the state might take, by gift, grant, devise, or bequest, property of any kind, for the benefit of any public library association, or for establishing or maintaining a kindergarten or other school, or any public cemetery association. By Laws 1897, c. 80, a seventh subdivision was added to the section, in these words:

"For the beneficial interests of any person or persons, when such trust is fully expressed and clearly defined upon the face of the instrument creating it, provided such trust shall not endure for a period longer than the life or lives of specified persons in being at the time of its creation, and for twenty-one years after the death of the survivor of such persons: provided, further, that any and all trusts which do not permit the free alienation of the legal estate by the trustee so that when so alienated it shall be discharged from all trusts, shall be deemed and construed as heretofore, and shall not be authorized by the provisions of this subdivision."

So that chapter 43 of our statute on uses and trusts, so far as here material, now reads as follows:

"Sec. 4274. Uses and trusts except as authorized and modified in this chapter are abolished."

"Sec. 4284. Express trusts may be created for any or either of the following purposes: * * * Fifth. To receive and take charge of any money, stocks, bonds, or valuable chattels of any kind, and to invest and loan the same for the benefit of the beneficiaries of such express trust. * * * Seventh. For the beneficial interests of any person or persons when such trust is fully expressed and clearly defined upon the face of the instrument creating it, provided" (then follow the remaining provisions, already quoted).

It is obvious from the mere reading of chapter 43 as it now stands that, whatever may have been the rule prior to 1875, all express trusts, including charitable trusts, in personal property,

except as provided therein, are abolished, precisely as are trusts in real estate. There is no reasonable rule of construction which will exclude personal property from the trusts prohibited by the statute, and we so hold.

It only remains to inquire whether the trusts attempted to be created by this will are authorized by the statute. Counsel for appellants submitted an able argument in support of the contention that the fifth and seventh subdivisions we have quoted authorize the trusts in question. It is certain that the seventh does not, for it only authorizes the creation of trusts to endure for a limited period. Those attempted to be created by this will are unlimited as to time. Such trusts are not authorized by the fifth subdivision, for the beneficiaries thereof are not certain or capable of being rendered certain. All trusts, with the possible exception of those authorized by the sixth subdivision of section 11, whether in real or personal estate, authorized by chapter 43, in order to be valid, must be definite and certain as to the beneficiaries of the trusts, or capable of being rendered certain. This is no longer an open question in this state. Lane v. Eaton, supra. Tested by this rule, all of the bequests in this will, including the one for masses, are void, for the reason that the beneficiaries are not certain, nor capable of being rendered certain.

3. The trial court did not err in refusing to admit evidence tending to show that one of the heirs at law had assigned his interest in the estate to a third party. It is claimed that the evidence was admissible for the purpose of showing that the assignor was not a party in interest. There was no such issue in the case.

Order affirmed.