CITY OF OWATONNA v. CARL J. H. ROSEBROCK and Another.[1]

January 16, 1903.

Nos. 13,296—(179).

### Trust for Kindergarten—City as Trustee.

A testator bequeathed to certain persons a fund of $5,000, the income of which was to be used in aiding and maintaining a kindergarten in the city of Owatonna, provided that, whenever the city should be authorized to receive and administer such trust, the same should be transferred to it. The estate was administered, and the fund came into the possession of the individual trustees, who failed to devote it to the trust purposes. Subdivision 6, § 4284, G. S. 1894, was then amended by adding the maintaining of kindergartens to the list of objects for which municipalities might administer trusts. Thereupon the city council of Owatonna accepted the trust, and made demand for the money in the hands of the individual trustees, which being refused, this action was brought to compel an accounting and payment of the fund on hand. Held:

[1] Reported in 92 N. W. 1122.

1. The city is not the beneficiary, but the trustee, and by the amendment of G. S. 1894, § 4284, subd. 6, it was authorized to accept and administer such trusts.

2. The transfer of the trust to the city was mandatory.

3. The beneficiary is not so indefinite and uncertain that the trust could not be administered, and the statute against perpetuities has no application. Trusts for such purposes are expressly authorized by the statute.

4. The appellant is entitled to the relief prayed for in the complaint, notwithstanding the fact that the trial court assumed the action was founded upon the theory that the city was the beneficiary.

Action in the district court for Steele county for an accounting by defendant and the transfer to plaintiff of a trust fund of $5,000 in the possession of defendant Rosebrock, as executor of the last will of Herman Heinrich Rosebrock, deceased. The case was tried before Buckham, J., who made findings of fact and as conclusions of law found that plaintiff was not entitled to the fund in controversy and that the action should be dismissed. From a judgment entered pursuant to the order, plaintiff appealed. Reversed, and remanded with instructions to direct judgment in favor of plaintiff.

*C. J. O'Brien, Thomas H. Quinn* and *Harlan E. Leach*, for appellant.

All the objections raised to plaintiff's right to recover in this action are fully disposed of adversely to respondent by the decree of probate court which declared the eighth item of the will valid and ordered the $5,000 fund to be "controlled and managed" according to the directions contained in such eighth item. Greenwood v. Murray, 26 Minn. 259; Ladd v. Weiskopf, 62 Minn. 29, 36; Eddy v. Kelly, 72 Minn. 32, 36; Bengtsson v. Johnson, 75 Minn. 321, 324; Duxbury v. Shanahan, 84 Minn. 353. It is fundamental that a trustee has the right to pursue and receive a trust fund wrongfully in the possession of another person. Hale v. Dressen, 73 Minn. 277, 280; Twohy Mercantile Co. v. Melbye, 78 Minn. 357, 359, 360; Reiser v. Gigrich, 59 Minn. 368, 375; 27 Am. & Eng. Enc. (1st Ed.) 153, 154. The city is a trustee of an express trust and can maintain the action in its own name. G. S. 1894, § 5158; Arm-

strong v. Vroman, 11 Minn. 142 (220); Lake v. Albert, 37 Minn. 453; Cremer v. Wimmer, 40 Minn. 511; Moulton v. Haskell, 50 Minn. 367, 370; Murphin v. Scovell, 44 Minn. 530; Struckmeyer v. Lamb, 64 Minn. 57; Henning v. Raymond, 35 Minn. 303; Ueland v. Haugan, 70 Minn. 349, 355; McLean v. Dean, 66 Minn. 369. Respondent having allowed the $5,000 bequest in the will to stand as valid, and having treated it as valid himself, is now estopped from claiming that it is invalid. Sterling v. Sterling, 77 Minn. 12; McBride v. McIntyre, 91 Mich. 406. There are no trusts in this state except those expressly authorized by G. S. 1894, c. 43. Holmes v. Mead, 52 N. Y. 332, 337; Lane v. Eaton, 69 Minn. 141. This trust is a public trust, at common law called a charity. In all such trusts, according to the common law, both before and after the statute 43 Eliz. c. 4, the trustee could receive and hold trust property in perpetuity, and it was no objection that the beneficiaries were uncertain or that the manner of executing the trust was indefinite. 5 Am. & Eng. Enc. (2d Ed.) "Charities"; State v. Board of Control, 85 Minn. 165, 176, 179, 188. Uncertainty of beneficiaries is a necessary element of a public trust. Harrington v. Pier, 105 Wis. 485.

*Taylor & Taylor* and *Wheelock & Sperry*, for respondents.

According to the express terms of this will of the testator, there is no gift, grant or bequest of this $5,000 or of its use or income to the plaintiff, or to any other party whatever. There is no ambiguity in its language and the intention of the testator is too clear to admit or call for any attempt at interpretation. Cowles v. Henry, 61 Minn. 459. Plaintiff has never become legally authorized to take and administer such a trust as is here under consideration. 2 Pomeroy, Eq. Jur. §§ 991, 992; Wetmore v. Parker, 52 N. Y. 450; 2 Pomeroy, Eq. Jur. § 988.

LEWIS, J.

On January 3, 1899, Herman Heinrich Rosebrock, a resident of Owatonna, died, leaving a will, the pertinent part of which reads as follows:

"I give and bequeath the sum of five thousand dollars to Carl J. H. Rosebrock (my son) and to Nicholas J. Schafer, in trust for the following purposes, to wit: It is my desire and purpose to aid in

the maintaining of a kindergarten in the city of Owatonna, Minnesota, and that the said sum of five thousand dollars shall constitute an endowment in perpetuity for that purpose. Said sum is therefore given to said persons in trust to invest, reinvest, and loan the same from time to time in such manner as my said trustees or their successors may deem best, with full power to change any investment thus made, and to pay over the income, less the expense of administering the trust, to be used as to them shall seem most expedient for the conducting of a kindergarten in the city of Owatonna, Minnesota: provided, that whenever the city of Owatonna aforesaid, or any officer or officers thereof, shall be legally authorized to receive and administer such a trust as hereby created (in perpetuity), that the trust hereby created shall be transferred to said city of Owatonna, or the proper officer or officers thereof, who shall be charged with the management of said trust in the same manner as the said trustees hereby appointed by me; and said trustees shall, upon turning over the funds with which they are charged, be relieved from further responsibility with relation to said trust."

The will was duly allowed and probated, and the son, Carl J. H. Rosebrock, duly qualified as executor. The estate was administered, and the sum of $8,629.20 in excess of the amount required to pay all bequests remained in the hands of the executor, and the probate court made the following decree:

"To Carl J. H. Rosebrock and Nicholas J. Schafer, in trust, the sum of five thousand dollars, said sum to constitute an endowment in perpetuity to aid in maintaining a kindergarten in the city of Owatonna, Minnesota, and said sum to be controlled and managed according to the provisions of item viii of said last will and testament, reference being made thereto."

The money remained in the hands of the executor, and nothing was done towards carrying out the terms of the trust. On July 16, 1901, the common council of the city of Owatonna passed a resolution accepting the trust for the purpose for which it was made, and appointed the mayor, city recorder, and city treasurer, and their successors in office, to receive and receipt for the bequest, which, when received, should be paid into the city treasury; and that such officers and their successors should invest and loan the money and use the income derived therefrom as in the will provided, all of which should be done under the direction of the city council, the proceeds thereof to be known as the "Rosebrock

Kindergarten Fund." Thereafter the officers referred to demanded of the trustees payment of the money, together with interest and profits accrued thereon, and, the same having been refused, this action was brought to recover the amount.

The trial court found the facts as above outlined, but held as a conclusion of law that plaintiff was not the beneficiary of the trust created by the will, and not entitled to the fund in controversy. The respondents seek to sustain the conclusion of the court upon the following grounds: (1) That the provision in the will which provides for the transfer of the trust to the city of Owatonna at such time as it shall have acquired authority to administer it is not mandatory, but directory only. (2) That the city of Owatonna is not authorized by law to receive and administer such trust, the beneficiary being uncertain. (3) That the cause was tried and submitted to the trial court by appellant upon the theory that the city was entitled to recover simply upon the ground that it was the beneficiary, and that it should not be permitted in this court to change its position, and recover upon the theory that it is in fact the trustee.

1. There is no reasonable ground for a division of opinion upon the first point mentioned. It is clearly expressed that the individual trustees were to be considered temporary only, and should surrender their trust to the city of Owatonna as soon as that city should be legally authorized to receive and administer it. Subdivision 6, § 4284, G. S. 1894, was in existence at the time of the execution of the will, but the purposes for which cities were authorized to receive bequests in trust did not include the one specified in the will, and an amendment to that effect was evidently anticipated by the testator. Subsequent to the probating of the will, Laws 1901, c. 95, was enacted, which amended subdivision 6 by adding the words:

"Or for the purpose of establishing or maintaining a kindergarten, or other school or institutions of learning."

By this amendment the city of Owatonna became legally authorized to receive and administer the trust, and it was the intention of the testator that upon the happening of that event the

individual primary trustees should surrender the fund. The testator undoubtedly preferred that the control of the fund and the expenditure of the income for the purpose mentioned should be in the city government, rather than private persons. He may have contemplated that some controversy would grow out of the administration of the trust,—that its legality might be questioned,—and therefore preferred that the money should be in the hands of city authorities, where public policy and public spirit would tend to insure its safety and proper application to the destined purpose. Whatever may have been the reasons of the testator, it is only necessary to inquire for the purpose of discovering his actual intention, and there is no doubt of the purpose in this case.

2. Subdivision 6, as amended, confers upon cities and villages the authority to receive such benefits and devises, and to invest the same, for the purpose of establishing or maintaining a kindergarten; and the district court of the state is clothed with the power to enforce such trusts. The city is not the beneficiary; it is the trustee, and as such compelled to expend the income as directed by the will. In Shanahan v. Kelly, supra, page 202, the law upon the subject of trusts was reviewed, and it was held that all trusts, including charitable trusts in personal property, are abolished, except as provided in G. S. 1894, c. 43; and that all trusts, with the possible exception of those authorized by subdivision 6 of section 11, in order to be valid, must be definite and certain as to the beneficiary,—citing Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031.

But the beneficiary is not uncertain because the testator did not cause the fund to be applied to some particular kindergarten, or because at that time no kindergarten had been established within the city. It is the intent of the statute that a city may receive such a fund in trust, but that the manner of its application rests in the discretion of the city authorities. If the income is applied to the object expressed, it is immaterial whether the city acts independently or in conjunction with private persons in establishing or maintaining the school. And it is unreasonable to assume that the testator intended to limit the application of the fund merely to the aiding or assisting in maintaining a kindergarten,

or that he contemplated that the fund could not be used at all unless there was at the time in fact a kindergarten of some kind already established. The purpose was to secure teaching by the kindergarten method, and the income of the fund to be applied so far as it would go, independently, if sufficient, or, if not, then in connection with other funds. ·

As we understand the position of respondent, he does not attack the validity of this trust, but assumes that under the provisions of the will he himself was the party authorized to administer it. But if the city could not be compelled to administer the trust because of an uncertain and indefinite beneficiary, then, for the same reasons, respondent himself could not be compelled to administer it. It is unnecessary at this time to decide who would be the proper party to compel the application of the income for the purpose specified should the city show a disposition to misapply or squander the fund. There will be time enough to decide that question when it is definitely before us. The proviso attached to section 4284 in reference to perpetuities has no application to bequests of this character to a municipality, they being expressly authorized.

3. It would seem from the statements made in respondent's brief, and from certain language found in the memorandum, that the trial court assumed this action was brought upon the theory that the city was in fact the beneficiary, and not the trustee. It does not appear clearly from the record that any change of positions was taken by counsel for appellant during the progress of the trial, or that those now pressed before this court were not presented, or abandoned, at the trial below. The facts are fully stated in the complaint, and the relief demanded must be granted if the statute and the will bear the interpretation we have given them. If the appellant city is in fact the trustee, and has been authorized by the statute to receive and administer the trust fund, and respondent has such fund in his possession, unused, the only thing to do in order to transfer the trusteeship from the one to the other is to transfer the fund itself. No finding of the court was necessary to declare the city the trustee, for the law has made it such, and, although the prayer for relief is limited to a

demand for an accounting and paying over of the amount of money in the hands of respondent, such accounting and paying over is all that in fact remains to be done.

Judgment reversed, and cause remanded, with directions to the trial court to amend its conclusions of law so as to direct judgment to the effect that respondent turn over the trust fund to the city of Owatonna, to be held by it in trust for the purpose stated in the will.