IN RE APPLICATION OF HARRY H. CHAPMAN TO
SUBSTITUTE CORRECTED PLATS.[1]

December 17, 1926.

No. 25,471.

**Lease for 25 years in trust for others than lessees void.**

1. A lease which attempts to put the leasehold estate in the lessees in trust for others is void where the term is fixed at 25 years without reference to a life or lives in being, because the statute, section 8090, G. S. 1923, provides that such a trust shall not continue for a period longer than the life or lives of specified persons in being at the time of its execution and for 21 years after the death of the survivor of them.

**Nor can it be enforced as power in trust.**

2. The trust cannot be saved and enforced as a power in trust under section 8093, G. S. 1923, because the latter applies only where the purpose is *not* one of those enumerated in section 8090.

[1]Reported in 211 N. W. 325.

Harry H. Chapman appealed from a judgment of the district court for Ramsey county, Boerner, J., holding that a certain lease was valid and binding according to its terms. Reversed on rehearing.

*John I. Levin*, for appellant.

*George C. Lambert*, for respondents.

STONE, J.

There has been a rehearing. It was made necessary by the too restricted scope of the original opinion which was limited, on the merits of the case, to a consideration of the effect of the lease as a restraint upon alienation. That limitation of the opinion was due to what we understood to be the assurance, at the oral argument, by counsel for appellant that no other question need be considered. He is right however in insisting that the briefs presented other questions, among them being the one now to be considered. It necessitates a reversal.

It is obvious that the intended trust was for "the beneficial interests" of the persons therein designated. Counsel for appellant still insists that the beneficiaries are not sufficiently designated. The intent is clear that the beneficiaries shall be, not the owners of the adjoining and nearby property at the date of the lease, but the owners thereof from time to time so that each succeeding owner of any of the real property designated would become a beneficiary. Whether in that view of the case the designation of the beneficiaries is of a "fluctuating and uncertain" group within the rule of Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031, 38 L. R. A. 669, 65 Am. St. 559, we do not now decide.

1. However, our reconsideration of the case has brought us to agreement with the argument for the appellant that the trust, being for the "beneficial interests" of the beneficiaries and so within subdivision 6, section 8090, G. S. 1923, is notwithstanding in violation of its proviso, which requires "that the trust shall not continue for a period longer than the life or lives of specified persons in being at the time of its creation, and for twenty-one years after the death of the survivor of them." The lease is for a term of 25 years without

reference to a life or lives in being. It might continue for a period longer than that permitted by the statute. Therefore it is void as a trust under the rule of Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L. R. A. (N. S.) 825. It was there held that a devise of land which attempted to suspend the absolute power of alienation for a fixed period, however short, without reference to lives in being, was void. It must also be held that an attempted express trust, within subdivision 6 of section 8090, G. S. 1923, without reference to a life or lives in being, for a period of more than 21 years, is void.

2. We cannot hold with respondent that, notwithstanding the invalidity of the lease as a trust, it can still be sustained as a power in trust. That argument is predicated on section 8093, G. S. 1923, which declares that "whenever an express trust is created for any purpose *not heretofore in this chapter enumerated,* no estate shall vest in the trustee; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust." The italics are ours and indicate why respondents cannot avail themselves of this statute. The trust attempted to be upheld as a power is one which is for a purpose "heretofore in this chapter enumerated." Therefore it is excluded from the saving power of section 8093.

The statute forbidding the suspension of the power of alienation can no more be avoided by a power than by a trust. Garvey v. McDevitt, 72 N. Y. 556. So also the statute forbidding the creation of a trust for longer than the specified period can no more be evaded by a power in trust. That to us seems one purpose of section 8093, else why its limitation to trusts for purposes other than those "heretofore in this chapter enumerated?"

It was so held with respect to the "Tilden Trust" (Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. 487), under the similar statute of New York. It was there said:

"But section 58 of the Statute of Uses * * * is not, of course, susceptible of the construction that a trust invalid because in conflict with some cardinal rule of law could be upheld as a power.

Every trust necessarily includes a power. There is always something to be done to the trust property and the trustee is empowered to do it, and if the trust is invalid because the power to dispose of the property is not one that the law recognizes, it cannot be upheld as a power in trust."

For the reasons indicated, the former opinion [which is printed immediately after this opinion] did not lead to a correct disposition of the case and therefore it is withdrawn and this opinion on the rehearing is substituted. The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion, our holding being that the lease is void as a trust and that it cannot be given validity as a power in trust.

Judgment reversed.

The opinion which is withdrawn was filed on June 11, 1926, and was as follows:

[1. In absence from printed record of the pleadings, it will not be presumed that there was no prayer for affirmative relief in the answer. In consequence, no error is found in the action of the trial court in disregarding an attempted and partial dismissal by the petitioner.

[2. Lease to trustees for benefit of owners of property adjacent to that leased *held* to impose no restraint on alienation.]

[Preceding opinion substituted in place of this opinion.]

STONE, J.

Harry H. Chapman appeals from a judgment holding that the lease hereinafter referred to is valid and binding according to its terms. The printed record does not enable us to determine the nature of the proceeding but, according to the briefs, it was initiated by Mr. Chapman's petition "to substitute corrected plats for the plats then on file" of certain platted lake shore areas in Ramsey county, the title of which has been registered. That petition included a prayer for the cancelation of the lease in question.

Without motion or leave of court, the appellant filed an attempted dismissal of "such portion of his petition * * * as refers to the

so-called lease." Neither the petition nor the answer thereto has been printed. In their absence we cannot assume that they did not contain a prayer for affirmative relief; in fact counsel have assured us that they did include one. In that situation the attempted summary dismissal, without leave of court, was futile and the trial court was at liberty to disregard it.

Aside from the attempted dismissal, the printed record includes nothing but the findings, conclusions of law and order for judgment and they properly enough present appellant's claim that the lease is invalid on its face. The findings set out that document in full and the conclusions of law and order for judgment confirm it as legal and binding according to its terms.

That lease was executed April 9, 1921, by appellant Chapman and others as lessors to George C. Lambert, Fred Foerster and L. L. Erickson as lessees and "trustees as hereinafter set forth." It covered a lake shore tract and apparently was intended to make thereof a sort of common for the benefit of summer residents on specified adjacent and nearby lots. The lease recites the payment of one dollar and other valuable consideration by the lessees. The lessees bound themselves to "take and accept the leasehold above described in trust for the private use and benefit of the property owners" in a definitely described area "and such other property owners along the shore of Lake Owasso as said trustees, expressing the wishes of a majority of the owners above mentioned, may include in the benefits of the trust." The lessees were authorized to erect and maintain a fence and hedge on the north line of the tract and to exclude "any and all unauthorized persons and to maintain trespass against the same." They were bound not to erect a public bath house on the north side of the tract.

The asserted invalidity of the lease is predicated upon the claim that, in violation of the statute, it suspends the absolute power of alienation of the land in question for a fixed period and without reference to lives in being. If the lease were open to that charge it would be void. Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L. R. A. (N. S.) 825. But we are of the opinion that it is not.

The lessors and their successors in interest are not prevented from conveying absolutely the fee or anything less subject to the lease. It is equally clear that the trustees may join with the beneficiaries at any time and surrender all rights thereunder to the lessees or their successors in interest or transfer them to others. So it is entirely possible for one at any time, so far as the lease is concerned, to acquire the title in fee simple to all the property covered thereby. While the lease is for 25 years and for the benefit of the owners of certain property, there is nothing to prevent one of such owners from depriving his property of further benefit under the lease. That is an alienable right and if any owner parts with it as to his property, his successors in title are bound.

Other questions are argued in the briefs but the foregoing covers the whole case as finally submitted.

Judgment affirmed.