EDWARD J. BURGETT v. WISCONSIN CENTRAL RAILWAY COMPANY.[1]

December 3, 1909.

Nos. 16,401—(67).

**Complaint States a Cause of Action.**

The allegations of the complaint herein are to the effect that the plaintiff, a locomotive fireman, at the invitation and request of the defendant, was upon its locomotive, to be carried thereon to his destination, and that the defendant negligently and wilfully caused the locomotive, while the plaintiff was so thereon, to be run at a dangerous rate of speed upon and over a cow on its track, whereby the locomotive was thrown from the track, and the plaintiff to the ground, who was thereby permanently maimed and crippled. *Held*, that the complaint states facts constituting a cause of action.

[1]Reported in 123 N. W. 411.

Action in the district court for Hennepin county to recover $28,500 damages for personal injuries sustained while riding upon one of defendant's locomotives. From an order, Holt, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*L. K. Eaton, W. D. Corrigan,* and *W. A. Hayes,* for appellant.

*George C. Stiles* and *John P. Devaney,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Hennepin overruling the defendant's general demurrer to the complaint in a personal injury action. The complaint alleged that the defendant was a railroad corporation operating a line of railway between Abbotsford and Ladysmith, in the state of Wisconsin, and, further, that at Abbotsford, on May 7, 1908, the plaintiff, who was then in the service and employment of the defendant as a locomotive fireman, did by and with the knowledge and consent of the fireman, engineer, conductor, and trainmen, then and there in charge, possession, and control of a certain locomotive and passenger train of the defendant, and by and with the knowledge of the defendant, and at the invitation and request of the fireman, engineer, conductor, and trainmen, and at the invitation and request of the defendant, board, enter, and take passage upon the locomotive at Abbottsford, to be carried upon said engine over the line of the defendant's railway to Ladysmith; that the plaintiff was then and there received and accepted by the defendant, and its agents and servants, upon its locomotive, so to be carried, and that it thereupon became and was the duty of the defendant to use reasonable and ordinary care in and about the handling, management, and operation of the locomotive and train in respect to the safety of the plaintiff; that the defendant, its agents and servants, in charge of the locomotive and train, did not manage or operate the same with reasonable or ordinary care while the plaintiff was so riding upon the locomotive, but, on the contrary, wrongfully, negligently, and wilfully caused the locomotive to be propelled and run at a great, high, and dangerous rate of speed on and over a cow upon its railway track at a point near a station on its

line of railway between Abbotsford and Ladysmith, known as "Fisher's Creek Siding," or Donald, whereby the locomotive was immediately thrown from the track and overturned, thus throwing the plaintiff violently to the ground, and severely crushing and maiming him; that prior to the accident and injury the plaintiff was in sound bodily health, and by occupation a locomotive fireman, and able to earn and did earn at his occupation $100 per month, but on account of such injury he has become permanently maimed, crippled, and disfigured, as well as internally injured, and has suffered great, intense, and almost continuous pain of body and mind, to his damage in the sum of $25,000.

Liberally construed, the complaint alleges the ultimate facts following: That the plaintiff, at the request and invitation of the defendant, was upon its locomotive, to be carried thereon from Abbotsford to Ladysmith and that the defendant negligently and wilfully caused the locomotive, while the plaintiff was so thereon, to be run at a dangerous rate of speed upon and over a cow on its track, whereby the locomotive was thrown from the track and the plaintiff to the ground, who was thereby permanently maimed and crippled, to his damage in the sum of $25,000. The question here is, not whether the plaintiff can prove such ultimate facts, but whether, if he does prove them, he will be entitled to recover damages. The defendant claims that no actionable negligence is charged by the complaint, because no rate of speed of a railway locomotive and train constitutes negligence. It may be conceded that a simple allegation that a railway train was run at a high rate of speed does not state any actionable negligence; but that is not this case, for the allegation here is that the locomotive was negligently and wilfully run at a dangerous rate of speed upon and over an obstruction, whereby it was derailed, and the plaintiff injured. The allegation that the locomotive was run at a dangerous rate of speed is a statement of an ultimate fact. Whether a given rate of speed is or is not dangerous depends upon the evidentiary facts of each case. As a general rule it is neither necessary nor proper to plead evidentiary facts, but simply the ultimate facts.

Again, it is urged that the plaintiff was only invited to ride by

the trainmen, and no authority in them to do so is alleged in the complaint. It is possible that such may prove to be the fact on the trial; but the complaint also expressly alleges an invitation and request by the defendant. It is further urged that the plaintiff was not a passenger, and the defendant owed him no duty except to refrain from wantonly injuring him. Conceding that the complaint does not allege that the plaintiff was a passenger, in the usual acceptation of the term, yet it does allege a request and invitation by the defendant to the plaintiff to ride where he did ride, and it therefore owed to him the duty, at least, to exercise ordinary care for his safety.

The only other objection to the complaint meriting consideration is that it shows upon its face that the plaintiff was guilty of contributory negligence, because "it is negligence to ride upon an engine." We cannot hold, as a matter of law, that it is negligence for a locomotive fireman to ride on a locomotive at the invitation and request of the railway company operating it. We cannot commend the complaint as a model pleading; but, construing its allegations liberally, as we must, we are of the opinion that it states a cause of action.

Order affirmed.