FRANK A. BEMIS and Another v. NORTHWESTERN TRUST CO.[1]

May 10, 1912.

Nos. 17,556—(173).

**Will — valid and invalid provisions.**

If a will contains distinct and independent provisions, some of which are valid and others invalid, effect must be given to the valid ones, and there is an intestacy only as to that part of his estate affected by the invalid ones; but when the several provisions of the will are so dependent upon and connected with each other that they cannot be separated, without defeating the general intent of the testator, they are all void, and there is a total intestacy.

**Construction of will.**

The testator herein gave three funds to the appellant herein, in trust to pay the annual income therefrom to each of his three sons during his life, and at his death to pay two-thirds of the fund held for his benefit to the trustees of a home for aged men and women, which the testator attempted by his will to found and endow; but the provisions as to the proposed home are invalid. *Held*, that the provisions for the benefit of the sons were not so connected with and dependent upon those for the home that they must also fail.

Frank A. Bemis and Willie E. Bemis petitioned the probate court for Fillmore county to compel the executor of the estate of Levi Bemis, deceased, to file his account; that if correct such account be settled by the court; that a partial distribution be made in the sum of $10,000, or in such sum as the court should deem proper, to the heirs-at-law of decedent to the exclusion of the devisees and legatees mentioned in the will; and that the heirs-at-law and all persons interested be cited into court to show cause why the petition should not be answered. The executor, the persons named as trustees in the ninth paragraph of the will, and the Levi Bemis Home for the Aged,

[1] Reported in 135 N. W. 1124.

a corporation, separately answered. Jennie Bemis, the widow, and the petitioners demurred to the answer of the executor and to those of the trustees and of the corporation. The case was heard before the probate court, who found that the trust described in the eighth paragraph of the will was void, as were the trusts described in the fourth, fifth and sixth paragraphs, and ordered a partial distribution of the estate to the widow and sons of the testator. From the order, appeals were taken to the district court for Fillmore county. The appeals were heard by Kingsley, J., who in all things affirmed the order of the probate court. From the order affirming the order of the probate court, the Northwestern Trust Company appealed. Modified in part.

*John D. O'Brien* and *Dillon J. O'Brien,* for appellant.

*Brown, Abbott & Somsen, Gray & Thompson, John W. Hopp, E. W. Rossman,* and *Joseph Underleak,* for respondents.

START, C. J.

This is an appeal by the Northwestern Trust Company from the judgment of the district court of the county of Fillmore, affirming a partial decree of distribution of the estate of Levi Bemis, of Chatfield, Minnesota, who died leaving a last will, and involves the question of the validity of certain bequests made by him. The testator left an estate of the approximate value of $300,000, and his widow and four sons are his sole heirs at law. His purpose in making his will, as indicated by its provisions, was to provide for his widow and sons, and to devote the residue of his estate, except $5,000 given to the Chatfield Cemetery Association, to the establishment in Chatfield of a home for aged men and women, to be known and called the "Levi Bemis Home." The here material provisions of the will, as modified by a codicil, are to the effect following:

The second clause thereof gave to his widow $30,000 in lieu of all statutory provisions and allowances.

The third clause gave absolutely to his son Victor E. Bemis $30,000.

The fourth clause gave to the appellant, the Northwestern Trust

Company, $25,000 in trust for the purpose of investing the same and paying the net annual income from the trust fund to his son Harry L. Bemis during his natural life, and at his death to pay two-thirds of the principal to the Levi Bemis Home, a charitable institution provided for in the eighth clause of the will, and to pay the other one-third thereof to such of the testator's grandchildren of the body of his children as may be living at the time of the death of his son Harry, share and share alike.

The fifth clause gave to the Northwestern Trust Company $30,000 in trust to pay the net annual income thereof to his son Frank A. Bemis during his natural life, and at his death to pay two-thirds of the principal to the Levi Bemis Home, and one-third thereof to such of the testator's "grandchildren of the body of my children as may be living at the time of the death of my said son Frank A. Bemis," share and share alike.

The sixth clause gave to the Northwestern Trust Company $30,000 in trust to pay the net annual income thereof to his son Willie E. Bemis during his natural life, and at his death to pay two-thirds of the principal to the Levi Bemis Home, and one-third thereof to such of the testator's grandchildren of the body of his children "as may be living at the time of the death of my said son Willie E. Bemis, share and share alike."

The eighth clause, as far as here material, was to the effect following: It gave to five persons, as trustees, naming them, $75,000 in trust for the uses and purposes of obtaining, establishing, building, maintaining, endowing, and carrying on in the city of Chatfield a home for aged men and women, to be known as, and called, "The Levi Bemis Home for the Aged;" $25,000 thereof to be known as the building fund, to be used by the trustees and their successors for the purchase of grounds and the erection of suitable buildings thereon for the home, to be known as the "building fund," the balance of the bequest to be known as the "endowment fund," which is to be a permanent and perpetual fund, to be invested and reinvested by the trustees, and their successors in said trust, and the income thereof is to be used in keeping in repair the buildings and grounds of the

home, and in maintaining the home and the inmates thereof. If for any reason any of the trustees of the home and funds may be unable to act as such, or a vacancy shall occur in the board of trustees, then and in such case the vacancy may be filled by the remaining trustees, if able to agree, but, if not, then by the judge of the district court of the county of Fillmore. Whenever it is deemed best for the board of trustees that a corporation be formed under the laws of the state of Minnesota to administer and execute this trust, then he desired that such corporation should be organized, if the same could be legally done, and in that event that the trustees be officers and directors thereof until their successors are elected. Upon the organization of such corporation, then such trustees are authorized and empowered to convey to such corporation all property acquired by them by reason of this trust, and to turn over to such corporation all money and property in their hands as such trustees, and turn over to such corporation the management of the home.

The ninth clause gave all the residue of the estate to the trustees named in the eighth clause of the will, in trust for the uses and purposes of establishing, maintaining, and endowing the Levi Bemis Home for the Aged provided for in the eighth clause of the will.

The trustees organized a corporation, the Levi Bemis Home for the Aged. The widow of the testator duly filed her declination to take under the will, and elected to claim the share of his estate provided by the statute. Her right to one-third of the estate is not here questioned by any party to the appeal. The probate court held that the trust attempted to be created by the eighth clause in the will was void, because the intended beneficiary of the trust was uncertain and incapable of being made certain; that the execution of the trust is not limited to the time fixed by statute, and that it suspends the power of alienation beyond the statutory limit, and as a legal inference therefrom that the fourth, fifth, and sixth clauses of the will were void, because no residuary legatee or devisee capable of accepting the same was named; and, further, that by reason of such illegal trusts and the declination of the widow to accept the provisions made for her by the will the general scheme and purpose of the testa-

tor in making disposition of his property by his will has been destroyed. The probate court made its decree on the basis that all of the bequests made in the will, except the one to the cemetery association, which was not contested, were void, and gave one-third of the estate to the widow, and the balance to the sons, including Victor, in equal shares.

The trust company and the Levi Bemis Home severally appealed from the decree to the district court, which affirmed, by its judgment, the decree in its entirety. Only the trust company appealed to this court.

It appears from the memorandum of the trial court that it held the fourth, fifth, and sixth clauses of the will void for the reason that: "The gift in the eighth subdivision of the will must be held void. This defeats the scheme of the testator as to the bulk of his estate, and as courts are not empowered to make wills, but to construe them, the remaining provisions of the will, excepting the seventh paragraph thereof, which was not attacked, must be held void. * * * *"

Although the trust company is the only appellant, yet the question of the validity of the eighth clause is here material, in so far as the validity of the other contested clauses of the will depend upon it, if at all. It is clear that the eighth clause is void, for the reason that the beneficiaries of the trust are uncertain and incapable of being made certain. It violates the statute against perpetuities, and suspends the absolute power of alienation of the real estate for a longer period than the continuance of two lives in being at the creation of the trust. R. L. 1905, §§ 3204–3249; Shanahan v. Kelly, 88 Minn. 202, 92 N. W. 948; Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104; Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L.R.A.(N.S.) 825.

It is urged by appellant that the trustees are authorized by the will to form a corporation to execute the trust whenever they deem it best to do so; but the time when the corporation shall be formed is left to the unlimited discretion of a self-perpetuating board of trustees. This distinguishes this case from Watkins v. Bigelow, supra, relied

on by the appellant, in which the will expressly directed that, during the life of the two youngest executors named therein, the executors should organize a corporation under the laws of this state to own and administer the fund for the benefit of the worthy poor of St. Paul, to which corporation the will gave the fund as absolute owner, to have and to hold to it and to its successors forever.

The serious question, however, is whether the failure of the testator to give, by the terms of his will, legal effect to his intention and scheme of forming and endowing a home for aged men and women renders void the provisions of the will as to his several sons. The general rules of law applicable to this question are well settled, but the difficulty lies in their application to particular cases. If a will contains distinct and independent provisions, some of which are valid and others invalid, effect must be given to the valid ones, and there is an intestacy only as to that part of the testator's estate which is affected by the invalid ones; but when the several provisions of the will are so dependent upon and connected with each other that they cannot be separated without defeating the general intent of the testator, they are all void, and there is a total intestacy. Sabledowsky v. Arbuckle, 50 Minn. 475, 52 N. W. 920; Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L.R.A.(N.S.) 825.

The pivotal question, then, is whether the provisions of the fourth, fifth, and sixth clauses of the will are so dependent upon and connected with the scheme of the testator for founding and endowing a home for aged men and women, as provided in the eighth clause of the will, that they cannot be separated without defeating the general intent of the testator. It is clear from a reading of the will that the provisions thereof, as to the testator's three sons, are in no manner dependent upon the scheme for the founding of the home. The trusts created for the sons are valid, and may be executed without reference to the validity or invalidity of the scheme for the home. The only connection between such trusts and the home scheme is that, when they are fully administered as to each of the sons and upon the death of each, two-thirds of the fund held for him is to be paid to the home. The home scheme fails, not by reason of its connection with or de-

pendence on the provisions made for the sons, but because the trust attempted to be created for the home was an invalid one. The trusts for the sons are no more dependent upon the home scheme than is the absolute gift to the son Victor.

It is urged that to sustain the trusts for the benefit of the sons, the home scheme having failed, would be to make a will by the court, and not by the testator. We fail to find any provisions in the will tending to justify this claim. On the contrary, a consideration of all of them satisfies us that a failure to sustain such trusts would be making pro tanto a new will for the testator, in that the result would be to give to each of the sons the absolute title to the trust fund, intended for his benefit, instead of the income thereof for life.

There is nothing in any part of the will to indicate a purpose on the part of the testator to give his sons the income of the respective funds, so that the endowment of the home might be increased upon the termination of the several trusts. The fair inference from the provisions of the will is to the contrary, and that the gift of a part of the trust fund, after the death of his sons, to the home, was a mere incident to the testator's purpose of providing them with an income for life. If such were not the case, and his purpose was to increase the endowment fund, why was the legacy to his son Victor made an absolute one? It fairly appears upon the face of the will that the primary and independent purpose of the testator was to make such provisions for his sons in such form as he deemed equitable and proper, in view of their respective ability or inclination of each to manage with frugality his bounty. This case falls within the rule that invalid provisions of a will do not defeat legal ones that are not dependent upon them.

We accordingly hold that the third, fourth, fifth, and sixth clauses of the will are valid, and must be given effect, except as to the direction for the payment to the home of two-thirds of the trust fund held for each son upon his death; that as to such reversionary interest in two-thirds of each fund, and as to the portion of the testator's estate attempted to be given to the trustees of the home, the testator died intestate; and that the direction to the trustees to pay one-third

of the trust fund held for each son upon his death to the testator's grandchildren, as designated in the will, is valid, because it refers to a definite class, and all belonging to the class when the right to the one-third accrues are entitled to share equally therein. Yates v. Shern, 84 Minn. 161, 86 N. W. 1004.

It follows that the judgment appealed from must be modified in the respects we have indicated, and affirmed in all other particulars, and the case remanded, with direction to the district court so to modify its judgment. So ordered.