## A. D. GRAY and Others v. FRANK A. BEMIS.[1]

February 11, 1915.

Nos. 19,006—(229).

**Contract with client construed.**

Plaintiffs performed legal services for defendant under a contract between them which provided that plaintiffs should receive for their services 30 per cent of any recovery made in proceedings brought that resulted in setting aside the will of defendant's father *in toto*, or annulling *in toto* trusts created by the will. The contract is construed and it is *held:*

(1) The parties contemplated not only a recovery that was available to defendant immediately on the close of the litigation, but also a recovery secured but not available to defendant until the termination of a trust by the death of the *cestui que trust.*

(2) Plaintiffs fully performed the contract and earned the agreed compensation, although the will was not set aside "*in toto,*" or the trusts annulled "*in toto.*"

(3) The contract was not void for champerty.

Action in the district court for Fillmore county to recover $1,568.-63 for legal services. From an order Kingsley, J., dismissing the

1 Reported in 151 N. W. 135.

action upon the merits, plaintiffs appealed. Reversed with direction to grant judgment for plaintiffs.

*Gray & Thompson* and *John W. Hopp, pro se.*

*Bert W. Eaton,* for respondent.

BUNN, J.

This action was brought by plaintiffs, who are practicing attorneys of this state, to recover for legal services rendered to defendant. The trial court granted judgment for defendant on the pleadings and plaintiffs appealed.

The complaint and answer fully set forth the facts. There was no reply, and no issues of fact were made. Both plaintiffs and defendant moved for judgment on the pleadings, and if defendant was not entitled to judgment, plaintiffs were. The admitted facts are as follows:

Levi Bemis died August 10, 1910, leaving a will, the provisions of which are set forth in Bemis v. Northwestern Trust Co. 117 Minn. 409, 135 N. W. 1124. He left a widow and four sons, Victor E., Harry L., Frank A. (the defendant here) and Willie E. The will gave $30,000 to the widow, and the same amount absolutely to the son Victor E. As provision for Harry L. the testator gave in trust to the St. Paul Trust Co. the sum of $25,000, to pay the net annual income to Harry L. during his life, and at his death to divide the principal as follows: One third to the grandchildren of the testator, two thirds to the trustees of the "Levi Bemis Home for the Aged." Similar provisions were made for Frank A. and Willie E. except that the principal sum in their trusts was $30,000. After bequeathing $5,000 to the Chatfield Cemetery Association, the testator gave to trustees $75,000 to build, maintain and endow a home for the aged, to be known as "The Levi Bemis Home for the Aged." He also gave to these trustees the residue of his estate.

The sons Frank A. and Willie E. contested the will. They retained the plaintiffs. A written contract was signed by plaintiffs and by Willie E. and sent by plaintiffs to Frank, who was then in Oregon. This contract provided that plaintiffs were to prosecute an action to determine the validity of the trusts created by the will, and

were to receive as compensation 30 per cent of all moneys recovered or received in settlement, and to receive nothing if nothing was recovered. Frank objected to the contract, interpreting it as entitling the attorneys to 30 per cent of any income collected from the trust company, but expressing his willingness to pay attorneys to "break the will along the line of proving the nonvalidity of the trust," and saying that he would not object to 30 per cent should he receive what would come to him had there been no will, "or about that amount." Plaintiffs answered explaining that they would make no charge whatever if they did not succeed in securing for him benefits outside the trusts created for him in the will, and saying that "the substance of the contract is that you are to pay us 30 per cent of any recovery made in proceedings resulting in setting aside the will *in toto* or in annulling the trusts *in toto,* or of any amount paid in the way of a compromise." Frank replied to this letter, expressing his pleasure that plaintiffs did not intend to "charge 30 per cent of our annual income," and saying: "I will sign a contract, or you can accept this letter as a contract, as follows: I will give you 30 per cent of any recovery made in proceedings that you bring, resulting in setting aside the will *in toto* or in annulling the trusts *in toto,* or of any amount paid in the way of a compromise, such compromise to be acceptable to you, W. E. and me. It is understood that this does not include the sum to be left with the N. W. Trust Co., or annual income from it, should this part of the will stand. Such proceedings to be along the line of proving the illegality of the proposed trusts, or other line acceptable to you, W. E. and me, and if no recovery is made, then we (W. E. and I) are to be at no expense whatsoever." This was apparently satisfactory to plaintiffs, who proceeded to institute and carry to a successful conclusion the contest which culminated in the decision of this court in Bemis v. Northwestern Trust Co. supra. By that decision the bequests in trust for the home for the aged were declared void, and this included the bequests to the home of two thirds of the corpus or principal of the three trusts for the sons. As to this part of his estate, the testator died intestate. These three trusts were held valid in so far as concerned the payment of the income to the beneficiaries during their

lives, and as to the bequest of one third of the principal sums to the grandchildren, and the invalid provisions were held not to make the entire will invalid.

Harry L. Bemis died intestate August 11, 1913, leaving no wife or child, or children of a deceased child. Upon his death the sole heirs of Levi Bemis were the defendant Frank A. Bemis, Victor E. and Willie E. Bemis. The trust company made application to the district court of Ramsey county for a settlement of its account as trustee, and for an order of distribution of the trust fund. After a hearing the fund, then amounting to $24,774.73 was ordered distributed, one third to the grandchildren of Levi Bemis, the balance in equal shares to Frank A. (defendant here), Victor E., Willie E., and the administrator of the estate of Harry L. The sum thus received by defendant was $4,129.12. In this action plaintiffs seek to recover 30 per cent of this sum under their contract with the defendant before set out.

The ground upon which the trial court held that plaintiffs were not entitled to recover does not appear. Defendant urges three reasons for sustaining the decision: (1) The parties contemplated by their contract only a recovery or a result that was available to defendant immediately on the close of the litigation, and not a result that became available to defendant at a future time; (2) plaintiffs did not perform their part of the contract, in that the will and the trusts were not set aside *in toto;* (3) the contract was champertous. We will consider these questions in the order stated.

1. It is clear that the money came to defendant as the result of the litigation conducted by plaintiffs. Had it not been for the contest, two-thirds of the principal of the Harry L. Bemis trust fund would have gone on his death to the home for the aged, instead of to the heirs of Levi Bemis, and defendant would have received nothing. It seems to us that plaintiffs' right to a recovery of 30 per cent of this fund rests on exactly the same basis as does their right to recover 30 per cent of defendant's share of the $75,000 bequest to the home or of his share of the residuary bequest. It can surely make no difference that receipt of the money was necessarily postponed until the death of Harry L. We are unable to say that it was

not within the contemplation of the parties that plaintiffs should receive their proportion of all sums received by defendant from their labors, whether such sums were received immediately on the close of the litigation or whether they were received at some future time. The interest of defendant in the corpus of the Harry L. Bemis trust existed at the close of the litigation, was secured to him by plaintiffs' efforts, and was assigned specifically to him by the final decree entered in the Levi Bemis estate. It was not available to defendant until the trust terminated, but it then became payable to him. We hold that plaintiffs were then entitled to their 30 per cent of this sum, if they were entitled to their agreed compensation for any of the results achieved.

2. Did plaintiffs perform their part of the contract; did they do what they agreed to do, so as to entitle them to the agreed compensation? The claim of defendant seems to be that plaintiffs agreed to set aside the will *"in toto,"* or annul the trusts *"in toto,"* or to charge nothing for their services. It is true that the will was not set aside *"in toto,"* and that the trusts for the sons were not *"annulled in toto,"* but the main trust for the home was *"annulled in toto,"* and the trusts for the three sons were annulled as to the disposition of the corpus on the death of the beneficiaries.

The contract should be read as a whole, and the intention of the parties thereto arrived at from a consideration of the entire correspondence read in the light of the situation existing at the time and the results sought by the defendant, and those achieved. There can be no doubt that the chief if not the only grievance of the heirs of Levi Bemis was the testator's giving so large a portion of his estate to the "Levi Bemis Home for the Aged." It does not appear that they were dissatisfied with the other provisions of the will, or with their receiving the income instead of the principal. This fairly appears from the correspondence. The words *"in toto"* were doubtless used by plaintiffs in the effort to make it clear to defendant that they would make no claim to any part of the income from the trust created for defendant, unless that trust was annulled. It is to be noted that they were to receive their agreed compensation out of any sum received in compromise, and it is particularly worthy of

consideration that defendant specified clearly that "it is understood that this does not include the sum to be left with the N. W. Trust Co., or annual income from it, should that part of the will stand." This shows pretty clearly that defendant .considered that plaintiffs would be entitled to their 30 per cent of amounts actually received by him outside of the income from the trust, although that part of the will stood. The fact is that the result of the litigation was a very substantial and practically complete victory for the sons of the testator. Indeed it is demonstrable that defendant received about the amount that would have come to him had there been no will. It is rather absurd to suppose that plaintiffs agreed to work for nothing unless they succeeded in having the will declared wholly void, or that this was the intention of either party to the contract. The big thing sought was getting for the heirs the money given to the home, and this was fully accomplished.. Our conclusion on this branch of the case is that plaintiffs fully performed their contract and are entitled to the agreed compensation, unless the contract was invalid.

3. The claim that the contract is champertous is based wholly upon the concluding language of defendant's last letter: "If no recovery is made, then we (W. E. and I) are to be at no expense whatsoever." It is contended that this amounted to an agreement that plaintiffs were to pay the costs of the litigation. We· do not so construe the language. We think it clear from the rest of the letter and the other correspondence that this language refers only to expense for attorney's services. Defendant was simply emphasizing plaintiffs' proposition that they were to receive nothing for their services, "make no charge whatsoever," if they did not secure a recovery.

Our conclusion on the whole case is that the trial court should have granted plaintiffs' motion for judgment, and denied the motion of defendant.

Reversed with directions to grant judgment for plaintiffs.