## IN THE MATTER OF THE ESTATE OF EMMA A. FORD, DECEASED.

### EFFIE BOGART AND ANOTHER v. W. D. TAYLOR.[1]

January 16, 1920.

No. 21,591.

**Will — attempted bequest in trust invalid.**
1. Testatrix, by her will, bequeathed to a person named therein the sum of $4,000, to be used by him for the extension of the Kingdom of God in a certain church. *Held*, that the bequest was not an absolute gift to the person named, but was an attempted bequest in trust for the purpose stated in the will, and invalid because the beneficiaries are not certain or capable of being made certain.

**Same — effect of decree of probate court.**
2. A decree of the probate court establishing a will, unless reversed on appeal, is conclusive that the instrument was duly executed by the person whose will it purports to be, and that such person had legal capacity to execute it.

From an order of the probate court for Ramsey county, Bazille, J., ordering the executors of the last will of testator to pay the legatees named in paragraph thirteen of the will and a partial decree in favor of D. B.

[1]Reported in 175 N. W. 913.

Humphrey, Charles Humphrey, Oel S. Ford, personally and as representative of the estate of Luna Hale, Effie Bogart, Amanda Thore and the residuary legatees appealed to the district court for that county. The appeal was heard by Haupt, J., who made findings and affirmed the order of the probate court in respect to the payment of the legacy to Elder W. D. Taylor, and vacated so much of the order as purported to exclude Effie Bogart and Amanda Thore from the provisions of the will. From the order denying their motion for a new trial, Effie Bogart and Amanda Thore appealed. From an order denying their motion for a new trial, the residuary legatees other than Amanda Thore and Effie Bogart appealed. Reversed.

*Douglas, Kennedy & Kennedy, S. R. Child* and *Sherman Child,* for appellants.

*Stringer & Seymour,* for respondent Taylor.

QUINN, J.

Emma A. Ford died testate in December, 1914. Her will was duly presented, proved and admitted to probate without objection in January, 1915. The instrument is in typewriting and contains 17 paragraphs bequeathing property to different parties. Paragraphs 13 and 17 are the only provisions here necessary to be considered. They are as follows:

"Thirteenth, I give and bequeath to Elder W. D. Taylor, the sum of Four Thousand Dollars ($4,000.00) to be used by him for the extension of the Kingdom of God in the Christian Catholic Apostolic Church in Zion, better known as the Elder Taylor Branch."

"Seventeenth, All the rest, residue and remainder of my estate of whatsoever the same may consist and wheresoever the same may be situated, I give, devise and bequeath in equal shares to Mr. T. B. Humphrey of Churubusco, New York, Luna Hale of Shelby, Michigan, Mr. Charles Humphrey of North Bangor, New York, Oel S. Ford and (Mrs. Lillard, Mrs. Bogart, Mrs. Thore-Ida Cooke) David B. Humphrey, share and share alike."

The four names in parentheses in paragraph 17 were interlined with pencil in the handwriting of the testatrix.

The administering of the estate proceeded in the usual manner. The

legacies were all paid except those mentioned in paragraphs 13 and 17. In November, 1918, the executor applied to the probate court for a decree of distribution of the residue of the estate. Upon the hearing therefor the question as to whether the persons whose names appear as having been interlined in paragraph 17 were entitled to participate as residuary legatees, was litigated under objection. Thereafter the probate court entered a decree directing a sale of a portion or all of the real estate and that the executors, upon receipt of sufficient funds, pay the legacy provided for in paragraph 13, and, that a portion of the residue of the estate be assigned to T. B. Humphrey, Charles Humphrey, Oel S. Ford, and Oel S. Ford, as representative of the estate of Luna Hale, deceased, and Elizabeth Humphrey, as administratrix of the estate of David B. Humphrey, deceased, as in the will provided, share and share alike, thereby excluding as residuary legatees those persons whose names appear to have been interlined.

All of the residuary legatees appealed to the district court from the order directing payment of the legacy to Elder W. D. Taylor. Mrs. Bogart and Mrs. Thore appealed from that part of the decree excluding them as residuary legatees. The district court confirmed the order of the probate court for the payment of the legacy to Taylor, and directed that the order of the probate court be amended so as to provide that Effie Bogart and Amanda Thore take equally with the other residuary legatees. All the residuary legatees appealed from the order of the district court directing payment of the bequest to Elder Taylor, and the other residuary legatees appealed from the order allowing Mrs. Bogart and Mrs. Thore to share in the distribution.

Two questions are presented for consideration. First: Is the bequest to Elder Taylor an absolute gift to him, or is it an attempted bequest in trust and therefore invalid because the beneficiaries are not certain or capable of being made certain? Second: Is the decree of the probate court, allowing and admitting a will to probate, without objection or appeal, conclusive as to the contents of the instrument?

1. Sixteen paragraphs of the will contain absolute gifts to friends and relatives in plain unqualified terms. Paragraph 13 manifests an entirely different purpose. By the terms there employed a stated amount is given to the party named, to be used by him for the extension of the

Kingdom of God, in the Elder Taylor Branch of the Church in Zion. A clear direction, it would seem, as to where and how the bequest should be used. As we read paragraph 13 it does not show that the sum stated was ever given or attempted to be given to the person named therein for his use or benefit. We think the opposite appears. Testatrix was a devoted adherent to the Taylor Branch of the church. This fact appears not only from the bequest but more emphatically from the testimony of Elder Taylor. It was her apparent purpose to assist in the extension work therein. It will hardly be contended that if Taylor had not been at the head of that branch of the church his name would have appeared in the will. It seems clear from a mere reading of the paragraph that the bequest was intended for the benefit of more than one individual. Who the beneficiaries might be is left a matter of conjecture. The bequest is to the person named to be used for the object stated. It gives to him no beneficial interest therein. The case comes squarely within the rule announced in Shanahan v. Kelly, 88 Minn. 202, 92 N. W. 948. If the trust cannot be carried out according to the intention of the testatrix, it must fall. Nor does the failure thereof for want of certainty establish the same as an absolute gift to the person named, but it invalidates the entire attempted bequest. As is said in Watkins v. Bigelow, 93 Minn. 210, 224, 100 N. W. 1104:

"An absolute gift is one where not only the legal title, but the beneficial ownership as well, is vested in the donee. A gift in trust is one where the subject of the gift is transferred to the donee, not for the purpose of vesting both the legal title and beneficial ownership of the subject in the donee, but that it may be held and applied to certain uses for a third party."

2. Under the statutes of this state any person interested in the estate, at any time after the death of the testatrix, may petition the probate court to have the will proved. G. S. 1913, § 7266. They further provide:

"No will shall be effectual to pass either real or personal estate unless duly proved and allowed in the probate court or on appeal. Such probate shall be conclusive as to the due execution of a will." Section 7255.

"No one shall be heard to contest the validity of a will unless the

grounds of objection thereto are stated in writing and filed in court before the time appointed for proving the will." Section 7270.

It is insisted on behalf of the objectors, that the names interlined in paragraph 17 were written therein subsequent to the execution of the will, without attestation, and that they were entitled to show the fact upon the hearing for distribution, and, that the persons whose names were so inserted should be excluded as residuary legatees. The question presented is, whether the allowance of a will and its admission to probate by the probate court, without objection or appeal, upon hearing of the application to admit the will to probate, is conclusive. The trial court held, and we think correctly, that it is. The statute provides specifically how and when objections to the validity of a will shall be made. The question was considered in Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945. It was there held that a decree of the probate court establishing a will is, unless reversed on appeal, conclusive that it was duly executed by the person whose will it purports to be, and that such person had legal capacity to execute it. What matter is contained in a will is for determination when the instrument is being considered at the hearing for proving the will. What construction is to be placed thereon is for later consideration. The instrument, with the interlineations unchallenged, was allowed and recorded by the judge of probate, as and for the last will and testament of the deceased. There was no appeal from the decree and it must be considered conclusive as to whether the instrument was the will of the testatrix.

The order of the district court directing that the order of the probate court be amended so as to allow Effie Bogart and Amanda Thore to share equally with the other residuary legatees is affirmed. Mrs. Lillard and Mrs. Cooke make no claim to the estate, each having filed a release of all interest therein.

The order of the district court holding valid the bequest in paragraph 13 of the will is reversed.