## IN RE ESTATE OF PETER N. LUNDQUIST.
## LYNN LUNDQUIST AND ANOTHER v. FIRST EVANGELICAL LUTHERAN CHURCH OF BATTLE LAKE.[1]

February 15, 1935.

No. 30,169.

[1]Reported in 259 N. W. 9.

*Henry Nycklemoe* and *Charles A. Lund,* for appellants.
*Dell & Rosengren,* for respondents.

DEVANEY, CHIEF JUSTICE.

Peter N. Lundquist died testate July 16, 1931, survived by two sons, Lynn Lundquist and Oscar Lundquist, appellants herein. His will was presented and duly allowed by the probate court. Final decree of distribution was rendered October 7, 1932. On appeal to the district court the final decree allowing the will was in all things affirmed. From judgment entered therein appellants perfect this appeal.

Sections II, III, and V of the testator's will are the cause of the present controversy. For the sake of clarity these sections will be set out in full as far as the same are germane to the issues involved:

"Second * * * I give, devise and bequeath unto the Trustees of the First Lutheran Church of Battle Lake, Otter Tail County, Minn., the sum of Two Thousand Dollars ($2,000) to be used by said Trustees, One Thousand dollars thereof for the promotion of the Foreign Mission of said Church organization and One Thousand Dollars thereof for the promotion of the Inner Mission of said Church Organization.

"Third, the said Two Thousand Dollars to be paid to said Trustees in equal shares, by my sons, Oscar Lundquist and Lynn Lundquist, my residuary legatees and devisees hereinafter named.

"Fourth * * *

"Fifth, I give and bequeath to my sons, Oscar Lundquist and Lynn Lundquist, in equal shares, all the rest, residue and remainder

of my property, both real and personal, and effects of every name and nature, which I now have, may die possessed of, or may be entitled to, their heirs and assigns forever, subject however * * * to the payment by them in equal shares of Two Thousand Dollars as hereinabove stated to the Trustees of the First Lutheran Church of Battle Lake, Minnesota, for the purposes hereinbefore stated."

It is obvious that what the testator here attempted to do was to establish a charitable trust. Appellants contest the validity of this attempt on several grounds, each of which will be considered in full hereinafter.

■ Appellants contend that paragraphs II, III, and V of the will are inconsistent; that the estate is to go directly to Lynn Lundquist and Oscar Lundquist as residuary legatees; that the obligation to pay the trustees of the church the sum of $2,000 is not an obligation of or a charge upon the estate but is a personal one resting on the two sons after they have taken under the residuary devise; that the enforcement of this personal obligation against the two sons is contrary to public policy and violative of art. 1, § 16, of the Minnesota constitution, which provides in part:

"The right of every man to worship God according to the dictates of his own conscience shall never be infringed, nor shall any man be compelled to attend, erect, or support any place of worship, or to maintain any religious or ecclesiastical ministry, against his consent; * * *."

We cannot agree with appellants in this contention. There is no inconsistency here. In paragraph III the testator states that the $2,000 payable to the trustees of the church is "to be paid to said Trustees in equal shares, by my sons." In paragraph V of the will the testator makes his two sons residuary devisees "subject to the payment by them in equal shares of Two Thousand Dollars as hereinabove stated to the Trustees of the First Lutheran Church * * *." Under the rule of Miller v. Klossner, 135 Minn. 377, 160 N. W. 1025, and cases therein cited, it is well settled that in a case such as this the property coming to the two sons is charged with the payment of this obligation; that is, this obligation is in

the nature of a lien thereupon. The sons, if they accept the devise, also are personally liable for the payment of the $2,000. Under any theory or assumption, we are unable to see how these provisions of the will violate art. 1, § 16, of the Minnesota constitution above quoted. There is nothing coercive about the will. The sons need not accept the legacy if they do not so desire. The condition (payment of $2,000 to the trustees of the church) is lawful and if the devise is accepted must be complied with. See In re Paulson's Will, 127 Wis. 612, 107 N. W. 484. If the sons accept, it cannot be held that they were compelled to "support" or to "maintain" any place of worship against their consent, because they were not, nor would they be in any case, compelled to accept the legacy.

■ The will devises the property to "the First Lutheran Church of Battle Lake, Minnesota." The true corporate name of the church is "The First Evangelical Lutheran Church at Battle Lake, Minnesota." This misnomer is not a fatal defect. It is unquestioned that extrinsic evidence may be introduced to identify or to ascertain devisees and legatees. The record here conclusively shows that this church was commonly known by the public generally and by its members as the "First Lutheran Church." Even the ministers who testified at the trial referred to it as the "First Lutheran Church" and not as "The First Evangelical Lutheran Church." It was and is the only First Lutheran Church in Battle Lake, Minnesota, and is the church to which the testator belonged. It is clear that the testator meant "The First Evangelical Lutheran Church at Battle Lake, Minnesota," and we so construe his intent.

■ The remainder of appellants' brief is devoted to an attack upon the constitutionality of 2 Mason Minn. St. 1927, §§ 8090-1, 8090-2, 8090-3, and 8090-4, the so-called charitable trust statute. First, appellants argue the inapplicability of this statute on the ground of retroactivity, pointing out that the will was executed in 1922 and the statute enacted in 1927. This argument completely overlooks the fundamental rule that all wills are ambulatory and are effective only as of the date of death. 6 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 10240. Here the testator died in 1931. Hence there is no merit to this contention of retroactivity.

There can be little question but that our charitable trust statutes are valid and constitutional. We are persuaded in our reasoning by an article, *Minnesota's Statute of Charitable Trusts,* which appears in 14 Minn. L. Rev. 587.

Charitable trusts were upheld at common law. However, our statute abolishes all trusts not expressly authorized. 2 Mason Minn. St. 1927, § 8081. Until 1927 charitable trusts were not authorized by statute and so were not upheld in this state, Bemis v. N. W. Trust Co. 117 Minn. 409, 135 N. W. 1124 (realty); Bogart v. Taylor, 144 Minn. 454, 175 N. W. 913 (personalty), although in numerous cases this court construed charitable gifts to be absolute or on condition rather than in trust and so held them to be valid. Atwater v. Russell, 49 Minn. 57, 51 N. W. 629, 52 N. W. 26; Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031, 38 L. R. A. 669, 65 A. S. R. 559; Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104; Young Men's Christian Assn. v. Horn, 120 Minn. 404, 139 N. W. 805; Little v. Universalist Convention, 143 Minn. 298, 173 N. W. 659. Although there is nothing to prevent following the old method, yet charitable trusts are now, and have been, valid in this state since 1927. So in the case at bar this trust must be upheld at least against the general defense that charitable trusts are not authorized in this state.

Under our statute [§ 8090-1] trusts are authorized "for any charitable, benevolent, educational, religious or other public use or trust." This is a rather broad authorization and statement of permissible purposes. Certainly it requires no further comment, explanation, or demonstration to hold that the case at bar is within the permissible purposes contained in our statute.

The trust here is attacked on the ground that the beneficiaries are indefinite. Suffice it to quote the statute [§ 8090-2]:

"No such trust shall be invalid because of indefiniteness or uncertainty of the object of such trust or of the beneficiaries thereof designated in the instrument creating the same."

One of the features distinguishing a charitable trust from other trusts is indefiniteness of beneficiaries. That this shall not be a

ground of invalidation is clearly indicated by the above quoted part of the statute.

The statute provides [§ 8090-3]:

*"Whenever it shall appear to the district court of the proper county that the purpose and object of such charity is imperfectly expressed, or the method of administration is incomplete or imperfect, or that the circumstances have so changed since the execution of the instrument creating the trust as to render impracticable, inexpedient, or impossible a literal compliance with the terms of such instrument, such court may upon the application and with the consent of the trustee, and upon such notice as said court may direct, make an order directing that such trust shall be administered or expended in such manner as in the judgment of said court will, as nearly as can be accomplish the general purposes of the instrument and the object and intention of the donor without regard to, and free from any, specific restriction, limitation or direction contained therein,  *  *  *."

Appellants contend that this statute is an unconstitutional delegation to the court of a power that should properly be exercised only by the legislature. They maintain that it is the duty of the legislature, and only of the legislature, to determine what trusts shall be valid and what trusts shall be invalid. We cannot agree with this contention. This statute merely authorizes the court to exercise what is known as the judicial *cy près*. It expressly authorizes our district courts to do that which courts of equity have done for centuries. *Cy près* is a law French expression meaning "as near as." 1 Bouvier, Law Dict. (Rawles, 3d Rev.) 745. The doctrine of *cy près* involves the notion of approximating the inten-

---

*Note:* The phrase "as nearly as can be *accomplish* the general purposes" appearing in line 11 of the above quoted paragraph is the way the same appears in original typewritten H. F. No. 559 and the engrossed copy thereof signed by the governor which became L. 1927, c. 180. This explains the discrepancy in punctuation and the variation in tense of the verb "accomplish" in the phrase as it appears in L. 1927, c. 180, § 3, p. 273, line 5, and 2 Mason Minn. St. 1927, § 8090-3, p. 1620, lines 19 and 20. [Reporter]

480

.tion of the donor when his exact intention is not to be carried out for some reason. This section has nothing to do with the so-called prerogative *cy près*. We need not discuss the statute further except to state that it is a far cry to contend that a statutory authorization to our courts to do that which courts of equity have done for centuries is an unauthorized delegation of legislative power. This statute in no way violates the due process clause of either the federal or the state constitution. Nor can we see in this case any undue restraint on the free alienation of the title, and, by the very terms of our statute, no charitable trust is invalid because it violates the rule against perpetuities.

Affirmed.